IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 12-00080-01-CR-W-HFS |
| KIRK A. WARD | ) | |
| Defendant. | ) | |

**ORDER**

Defendant seeks suppression of evidence obtained as the result of an attempt to frisk him for weapons when he walked into a house while a search was being conducted. The motion to suppress will be denied, for reasons most succinctly stated on page 6 of the Report and Recommendation. Doc. 36.

This case is governed by the quoted language in a somewhat similar case, United States v. Patterson, 885 F.2d 483, 485 (8th Cir. 1989), which is consistent with the "unwritten standard policy" of the police, to frisk for weapons persons entering a crime scene where drugs are involved while officers are still processing the scene.

The soundness of this ruling is reasonably debatable, and may warrant consideration by the Court en Banc. Judge Bright dissented in Patterson. In a 1986 case the panel affirmed denial of a motion to suppress, but stated that "this court in no way condones the policy of the sheriff's officer (sic) which provides that all males present at arrests such as these (situations involving narcotics) are to be subjected to a cursory pat-down search." United States v. Flett, 806 F.2d 823, 829 fn.9 (8th Cir. 1986). See also the review of similar cases in United States v. Menard, 898 F.Supp. 1317, 1323-

30 (N.D.Iowa 1995).

In this case defendant simply entered his uncle's house at the wrong time, when a drug search was being conducted, and did nothing more threatening than place his beer can on the floor while being questioned. The officers had supposed the house was secure, and brought no hand-cuffs. The approach of a supposed relative of the owner (even if the owner might be guilty of a drug crime) would hardly seem to reasonably justify a pat-down search, although the Patterson language is to the contrary.

If officers outside the house had not been distracted, defendant apparently would simply have been stopped and told to leave. Curiosity and surprise inside the house seem to have altered the result here. While I thus consider the issue inherently debatable, the Patterson language is controlling, unless modified.

The motion to suppress (Doc. 26) is hereby DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August  28 , 2012

Kansas City, Missouri